..OPINION of the Court, by
Judge OwstET.
-Ua- vis brought an action of covenant, on a joint and sere- *571 s at obligation, in the Jefferson circuit court, against Jesse Carter, a resident of Jefferson county, and Joseph Lewis, a resident of Nelson county. Writs issued directed to Jefferson and Nelson counties ; that to Jefferson was served on Carter, that to Nelson was served on Lewis. Judgment by default was had on the rules against Carter and Lewis, and a writ of inquiry awarded. Carter afterwards appeared in court, had the office judgment and writ of inquiry as to him set aside, and pleaded to the action, upon which plea issue was joined. Davis then dismissed his suit as to Carter, and had the writ of inquiry executed against Lewis, and recovered a judgment for S ¾3 19 cents, and costs ; to reverse which judgment, Lewis has prosecuted this writ of error.
Upon a joint and feveral obligation, the plaintiff fued from Jejjersm circuit, a writ agasoft one in jefterfon, and againft; the other to Nelfon ¿ if he dismisses the fuit as to the defendant in that court has no jurisdiction to proceed a-gainft the defendant resident; in Nelfon.
The only necessary inquiry in this cause is, whether Davis proceeded correctly in dismissing his suit against Carter, and taking judgment against Lewis. In a joint action, on a joint or joint and several obligation, the plaintiff sueing in the county where either of the defendants reside, may have a writ issued directed, to the sheriff of the county where any other defendant resides, and proceed as if all of the defendants resided, in the same county. But in actions on several obligations, writs cannot issue directed to any other county than that in which it issues. The obligee in, a joint and several obligation, may prosecute several actions against each of the obligors, or a, joint action against the whole. When he elects to sue severally, the proceedings in every respect should be had as on a several obligation; and the residence of one obligor cannot give the court jurisdiction as to another. In actions, on joint obligations, the plaintiff cannot dismiss his suit as to one, and' proceed to judgment against another. Whenever an obligee in a joint and several obligation, prosecutes a. joint action, he should be compelled to proceed as in actions on joint obligations only ; or upon his waiving to proceed jointly, and proceeds in his action against one only, he should thereby subject himself, to the rules, applicable to actions on several obligations.
Had Davis brought suit against Lewis in a several action, it is manifest the Jefferson circuit court could not have entertained jurisdiction of ⅛⅜ cause. His, having commenced a joint action, against Carter and *572 Lewis, can place him in no better situation, after havr ing dismissed the suit as to Carter. By dismissing the action as to Carter, he has waived all advantages of a joint action. He should not be permitted to proceed jointly for the purpose of attaching jurisdiction to the Jefferson circuit court, and then to avoid defence, dismiss his suit in part, and yet retain th§ advantages of a joint action.
• We think therefore, that the circuit court of Jefferson had no jurisdiction to proceed further in the cause after Davis dismissed his action against Carter. ⅞ ^ Judgment reversed, &c,